Spencer C. BROCK et al., Libelants,

v.

S.S. SOUTHAMPTON, her boilers, engines, tackle, apparel, furniture, cargo and equipment, Respondent,

**COMMERCIAL BANK OF NORTH AMERICA, Intervening Libelant.**

Civ. No. 63-53.

United States District Court
D. Oregon.

Feb. 14, 1964.

See also, 231 F.Supp. 280.

Erskine B. Wood, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for libelants.

Paul D. Hanlon, Hart, Davidson, Veazie & Hanlon, Portland, Or., for Commercial Bank of North America.

SOLOMON, Chief Judge.

At the request of A. H. Bull & Co., Inc. (Bull), agent of the owner and managing operator of the SS SOUTHAMPTON, the Commercial Bank of North America (Bank) issued its letter of credit for $130,000.00 to the Administrator of the Marine Engineers Benevolent Association. The Association required the letter of credit to assure that wages earned by the engineering personnel of the fleet of Kulukundis Maritime Industries, Inc. (KMI) would be paid. Accrued wages totaling $12,927.21 were paid from this fund to engineering personnel of the SS SOUTHAMPTON.

The Bank here claims that its advance has the priority of a maritime lien and seeks satisfaction from the funds in the Registry of this Court from the sale of the SS SOUTHAMPTON.

A maritime lien arises only when the creditor has relied on the credit of the vessel. Under the maritime theory of advances, one who pays the claim of a maritime lienor is entitled to the rights previously acquired by the lienor. When the advance is to pay for necessaries, it is presumed that the creditor relied on the credit of the vessel. 46 U.S.C.A. § 971.

284

Here, the Bank issued the letter of credit of $130,000.00 to enable Bull to obtain the necessary engineering personnel to operate the SS SOUTHAMPTON and other vessels of KMI. Against this letter of credit, $12,927.21 was drawn to compensate engineering personnel of the SS SOUTHAMPTON. In order to defeat the Bank's claim, the presumption available to the Bank under Section 971 must be overcome by evidence that the Bank did not rely on the credit of the vessel or that it waived its right to a maritime lien.

There is no evidence in the record which indicates that the Bank did not rely on the credit of the vessel or that it waived its maritime lien. Therefore, the statutory presumption entitles the Bank to a maritime lien of equal rank with those of the engineering personnel whose wage claims it paid.

The Bank's claim is allowed.